UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jovan Donte Hyman,<br>Plaintiff,<br><br>v.<br><br>Active Day/Senior Care, Inc.; and ADCS<br>Holdings, Inc. d/b/a Active Day of<br>Charleston,<br>Defendants. | CASE NO:  2:26-cv-01612-BHH-MHC<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1.  This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2.  All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a.    Three (3) charges of employment discrimination on basis of racial discrimination and retaliation were filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

    b.    Notifications of the Right to Sue were received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about January 21, 2026.

    c.    This Complaint has been filed within the 90 days of receipt of the EEOC's Notices of Right to Sue.

3.  The Plaintiff, Jovan Donte Hyman, at the time of the incidents was a citizen and resident of the State of South Carolina, and resided in Dorchester County, South Carolina.

4.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.  Defendant, Active Day/Senior Care, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware operating under the laws of the State of South Carolina.

6.  Defendant, ADCS Holdings, Inc. d/b/a Active Day of Charleston, upon information and belief, is a foreign corporation organized in the State of Delaware operating under the laws of the State of State of South Carolina.

7.   Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.   Defendants are industries that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.   Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

### STATEMENT OF FACTS

11. On or about February 11, 2019, the Plaintiff, an African American, began working for the Defendants as a Center Director.  At all times, the Plaintiff was efficient and effective in his job.

12. Beginning in or around January 2023, Defendants Area Director, Lindsey Schweninger, began making racial comments such as "you people," and Plaintiff's location began to have "secret audits" and random "pop-ups" while Caucasian Center Directors did not.

13. On or about September 25, 2024, the Plaintiff had a meeting with Ms. Schweninger and Human Resources, where Plaintiff reported feeling discriminated against based on his race.  Ms. Schweninger told Plaintiff that she had heard that he was complaining about racism and she needed to know that she could trust him.

14. After the September meeting, centers with African American directors began to have random pop-ups.

15. Plaintiff further contacted Human Resources via telephone to discuss that he was starting to worry about his job, since previous three directors had been replaced by Caucasian directors.

16. In or around March 2025, a nurse was sent to Plaintiff's center for a secret audit. Plaintiff's center was the only center audited.  Afterwards, Ms. Schweninger contacted Plaintiff to let him know that she had a conversation with the nurse.

17. On or about May 6, 2025, Plaintiff was terminated for performance issues, even though on April 21, 2025, Defendants sent Plaintiff a picture of the center with a message stating, "you guys are killing it, good job."

18. Defendants retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment.  Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

2

19. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination – Violation of Title VII

20. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.)*, and the Equal Employment Opportunity Act.

22. Defendants were wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a.   In failing to continue to employ Plaintiff based on his race and/or color;

b.   In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

c.   In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

23. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

24. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

25. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, he would not have been terminated.

26. As a direct and proximate result of the Defendants' discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

27. The Defendants' discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

28. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A SECOND CAUSE OF ACTION**
**Retaliation**

38. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

39. That as alleged above, Plaintiff complained to the Defendants on several occasions about racial discrimination.

40. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

41. That shortly after making said complaints, the Defendants fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

42. Defendants stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

43. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of racial discrimination, he would not have been terminated.

44. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

45. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

46. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

47. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

48. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

4

49. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

## REQUEST FOR RELIEF

50. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

51.  Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

52. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1.      Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2.      Prejudgment interest, costs and attorneys' fees as may be allowed by law;

3.      Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits he would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4.      Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5.      Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.      Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

 s/ *Dominic M. Nation*

Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
April 17, 2026

5